**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DAVID SMITH,**

            **Plaintiff,**

**-vs-**                                          **Case No. 6:05-cv-1085-Orl-28KRS**

**GREYHOUND BUS LINES USA,**

            **Defendant.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** NOTICE TO COURT MOTION TO COMPEL COURT ORDER OR SANCTIONS (Doc. No. 9)
>
> **FILED:** October 27, 2005
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

**I.     Factual and Procedural Background.**

On July 21, 2005, Plaintiff David Smith filed suit against Greyhound Bus Lines for alleged violations of the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.* Doc. No. 1. Because Smith had not paid the required filing fee or submitted an application to proceed *in forma pauperis*, on August 24, 2005, I entered an order requiring either the payment of the filing fee or submission of the application by September 9, 2005. Doc. No. 2. On September 6 and 8, 2005, Smith filed notices indicating that he had requested that the filing fee be released from his prisoner account but that the funds had not yet been released. Doc. Nos. 3, 4. In response thereto, I issued an order requiring payment of the filing fee or submission of the *in forma pauperis* application by September 16, 2005.

Doc. No. 5. On September 21, 2005, Smith filed motion to extend the time within which he could pay the filing fee or submit the application. Doc. No. 6. I granted that motion and extended the deadline to October 31, 2005.

On October 14, Smith submitted numerous documents requesting removal of various pending state criminal proceedings against him based on the civil rights removal statute, 28 U.S.C. § 1443; alleging physical injuries sustained at the Polk County Jail; and alleging again that jail officials have refused to release the filing fee for this case. Doc. No. 8. These filings also discuss Smith's grievances against his appointed public defender, the district attorney, the state court judge before whom are pending Smith's criminal cases, various police departments, the county jail, and other entities. Smith asserts that he is the victim of various conspiracies to deprive him of his civil rights as guaranteed by the ADA. Doc. No. 8. On October 27, Smith filed another document alleging that the jail officials have refused to release the filing fee and moving this court to compel the jail to release the funds, along with entering sanctions against the jail. Doc. No. 9. Smith further alleged that he requested the address for the Clerk of Court of the Northern District of Florida, to which another pending civil suit of his was transferred, *Smith v. State of Florida*, 08-cv-1401 Doc. No. 3 (M.D. Fla. Aug. 1, 2005), and that he has received no response.

**II.     Analysis.**

There are four issues presented by the papers submitted as Docket Numbers 8 and 9: first, the alleged failure of the county jail officials to release funds from Smith's inmate account to pay the filing fee in this suit against Greyhound; second, the request, in Docket Number 8, to remove various pending state criminal suits to federal court; third, the various grievances against a number of state officials for alleged violations of the ADA; and fourth, the failure of the clerk of court to advise Smith of the address

for the clerk of court for the Northern District of Florida, to which another of Smith's civil suits was transferred. I will address these different issues below.

   *A.    Release of funds from inmate account.*

The present motion is styled as a motion to compel the county jail officials to release funds from Smith's inmate account for the filing fee. Smith has submitted copies of the "Polk County Sheriff's Office Department of Detention Money Release Via U.S. Mail Form" that show Smith has requested that $250 be released from his account to be mailed to this Court, with the case number indicated. Doc. No. 3; Doc. No. 4. These exhibits indicate that Smith is willing to pay the filing fee. However, because the fee has yet to be paid, it is apparent that the funds have not been released.

I cannot determine from Smith's papers whether he has sufficient funds in his prisoner account available to pay the filing fee. The jail in which Smith is incarcerated is not a party to this proceeding and, thus, is not required to provide this information to the Court. As such, there is an insufficient factual basis to establish that Smith has sufficient funds to pay the filing fee, but that the jail refuses to release the funds.

Smith has three options at this point in these proceedings. He may (1) pay the filing fee from funds not in his prisoner account, (2) submit "a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official" of the county jail where he is incarcerated. 28 U.S.C. § 1915(a)(2), (h), which statement should reflect whether there are liens, charges, holds, or other encumbrances preventing the release of funds[1]; or (3) submit an *in forma pauperis* application. The

---

[1] Smith is further advised that generalized allegations regarding the failure of the jail officials to release the funds will be insufficient. To fully evaluate his claim, Smith must provide information both about his requests for release of funds, and about the status of his inmate account.

deadline for exercising one of these options is November 30, 2005. The Clerk of Court is directed to send an *in forma pauperis* application to Smith with this Order.

  B.  *Removal of pending state criminal cases.*

As an initial matter, Smith is advised that any filings submitted under this case number must relate to his suit against Greyhound Bus Lines. *See, e.g.*, Federal Rules of Civil Procedure 8, 10, 18. The Court is generally unable to consider matters not relevant to the complaint at hand. However, because Smith is acting *pro se*, it is appropriate to provide some guidance as to why his state criminal cases cannot be removed. *See Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

The Civil Rights Removal Act, 28 U.S.C. § 1443, provides as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Thus, the Civil Rights Removal Act provides for removal from state to federal court in two situations: first, where "a defendant in state court . . . can demonstrate that the state court proceedings will deny rights created by federal civil rights statutes;" and second, where the defendant's defense "is that the action was required by federal civil rights laws." Erwin Chemerinsky, *Federal Jurisdiction* 747-48 (4th ed. 2003).

The first provision has been read very narrowly by the Supreme Court. In *Georgia v. Rachel*, 384 U.S. 780, 791-92 (1966), the Supreme Court held that § 1443 was "intended to protect a limited category of rights, specifically defined in terms of racial equality." Therefore, unless a defendant in a state court proceeding alleges racial discrimination, § 1443 is inapplicable. Furthermore, even if a defendant alleges racial discrimination, he must show that because of a state law "of general application that [he] will be denied or cannot enforce the specified federal right in the state courts." *Rachel*, 384 U.S. at 800; *see also* Chemerinsky, *supra*, at 753. Because Florida has no law of general application prohibiting assertion of ADA claims or defenses, the first provision for removal under § 1443 is unavailing

The second provision is also inapplicable here. Smith has not alleged that a defense to the criminal charges against him is his actions, or refusal to act, was done under "color of authority derived from any law providing for equal rights."

Because the ADA is unrelated to racial discrimination, violations of the ADA do not create a right of removal under § 1443. *See Robinson v. Eichler*, 795 F. Supp. 1253, 1258 n. 5 (D. Conn. 1992). Therefore, even if presented properly, the district court would be unable to order the removal of Smith's pending state criminal cases.

C.  *Various complaints against numerous state officials for violations of the ADA.*

As discussed above, this Court is able to consider only those claims related to the immediate complaint at issue. If Smith has claims against the state officials, he can file separate complaints. It is inappropriate, however, to include allegations against parties not named in the complaint. In this case, that means allegations about any parties other than Greyhound Bus Lines are inappropriate.

   D.   *Address for the Clerk of Court of the Northern District of Florida.*

Smith alleges that after the transfer of his case *Smith v. State of Florida*, 8: 05-cv-1401-24MAP Doc. No. 3 (M.D. Fla. Aug. 1, 2005), to the Northern District of Florida, he has not been notified of the address for the clerk of court for that court. The docket in the transferred case reflects that it is now case number 4:05-cv-284-MMP/AK, pending in the Gainesville division of the United States District Court for the Northern District of Florida, United States Courthouse, 401 SE First Ave., Rm. 243, Gainesville, FL 32601.

**IV.   Conclusion.**

It is **ORDERED** that Smith shall have until November 30, 2005, to (1) pay the filing fee, (2) submit a copy of his inmate account or other official documents as described herein or (3) submit an *in forma pauperis* application. No further enlargements of time will be granted. The Clerk of Court is directed to mail copy of this Order and an *in forma pauperis* application to Smith.

**DONE** and **ORDERED** in Orlando, Florida on November 10, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties