**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**DAVID SMITH,**

               **Plaintiff,**

**-vs-**                                                                          **Case No. 6:05-cv-1085-Orl-28KRS**

**GREYHOUND BUS LINES USA,**

               **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO COMPEL COURT ORDERS AND SANCTIONS (Doc. No. 11)**
>
> **FILED:**      **November 30, 2005**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice and that the case be **DISMISSED**.

On July 21, 2005, Plaintiff David Smith filed suit against Greyhound Bus Lines for alleged violations of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq*. Doc. No. 1. Because Smith had not paid the required filing fee or submitted an application to proceed *in forma pauperis*, on August 24, 2005, I entered an order requiring either the payment of the filing fee or submission of the application by September 9, 2005. Doc. No. 2. On September 6 and 8, 2005, Smith filed notices indicating that he had requested that the filing fee be released from his prisoner account but that the funds had not yet been released. Doc. Nos. 3, 4. In response thereto, I issued

an order requiring payment of the filing fee or submission of the *in forma pauperis* application by September 16, 2005. Doc. No. 5. On September 21, 2005, Smith filed a motion to extend the time within which he could pay the filing fee or submit the application. Doc. No. 6. I granted that motion and extended the deadline to October 31, 2005.

On October 14, Smith submitted numerous documents alleging again that jail officials have refused to release the filing fee for this case. Doc. No. 8. On October 27, Smith filed another similar document. Doc. No. 9. On November 10, I entered an order denying these various pending motions without prejudice. Doc. No. 10. In that order, I observed that Smith had submitted copies of the "Polk County Sheriff's Office Department of Detention Money Release Via U.S. Mail Form" that show Smith has requested that $250.00 be released from his account to be mailed to this Court, with the case number indicated. *Id*. I further observed that these exhibits indicated a willingness to pay the filing fee, but because the fee had not been paid, that the funds had not yet been released.

In order to evaluate Smith's allegations, I instructed him to provide "a certified copy of the trust fund account statements (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official" of the county jail where he is incarcerated, 28 U.S.C. § 1915(a)(2), (h), which statement should reflect whether there are liens, charges, holds or other encumbrances preventing the release of funds. Alternatively, I instructed Smith that he could pay the filing fee or submit an *in forma pauperis* application. I extended the deadline to comply with any of these options to November 30. Doc. No. 10.

On November 30, Smith filed the present motion again requesting a court order to the Polk County Jail to release funds to pay the filing fee for this case, and for various registered mail costs

associated with this and other pending suits.  Doc. No. 11.  Smith also requested a court appointed attorney to assist him in prosecuting various civil suits.  *Id*.

The present motion does not include any of the information I ordered to be produced. Smith has not provided any evidence showing that he has sufficient funds in his inmate account, or that there are no legitimate liens or holds that would justify a refusal to release those funds. Because Smith has failed to provide this information, to pay the filing fee or submit an *in forma pauperis* application, I respectfully recommend that this motion be denied without prejudice, and that the case be dismissed without prejudice.  The Clerk of Court is directed to mail a copy of this Report and Recommendation to Smith.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 5, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy